## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JANICE MCCARTER, on behalf of herself and all others similarly situated, | ) ) ) | Case No.: 1:13-cv-3909 |
| Plaintiff, | ) ) | Judge |
| v. | ) ) | |
| KOVITZ SHIFRIN NESBIT, an Illinois professional corporation, | ) ) ) | Jury Demanded |
| Defendant. | ) | |

### CLASS ACTION COMPLAINT

Plaintiff JANICE MCCARTER ("McCarter"), by and through her attorney, Kenneth M. DucDuong of KMD Law Office, and for her Complaint against Defendant KOVITZ, SHIFRIN, NESBIT ("Kovitz"), an Illinois professional corporation, to obtain damages, costs of suit, and other suitable relief from Defendant, for its violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, states and alleges as follows:

### JURISDICTION AND VENUE

1.      This court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331 because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. § 1692(k).

2.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of tortious injury on Plaintiff in the State of Illinois. Defendant is located or conducts business with consumers like Plaintiff in this District.

### PARTIES

3.      Plaintiff is a resident in the State of Illinois and resides in Chicago, State of

Illinois, Cook County.

4.      Plaintiff is a "consumer" under the FDCPA.

5.      The alleged debt that Defendant Kovitz attempted to collect from Plaintiff is a consumer debt for Plaintiff's personal, household or family purposes as that term is defined under § 1692a(5) because the debt allegedly owed to Malibu East Condominium Association ("MECA"), a not-for-profit association, and arose from association assessments for her condominium unit.

6.      Defendant Kovitz was and is an Illinois professional corporation, a law firm, incorporated and registered in the State of Illinois to provide legal services including collection of debts owed to a third party. Kovitz is located at 750 W. Lake Cook Road, Suite 350, Buffalo Grove, IL 60089.

7.      Defendant Kovitz regularly engages in the business of collection of debts allegedly owed to third parties by consumers through correspondence and phone calls and, therefore, is a debt collector as that term is defined under § 1692a(6) of the FDCPA.

## CLASS ALLEGATIONS

8.      Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situated under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

9.      Beginning at least as early as in 2010 or thereabout, the exact date and year being unknown to Plaintiff, and continuing to the present, Defendant represents hundreds of companies, condominium associations and homeowners associations in the United States and in Illinois, including Malibu East Condominium Association.

10.     As part of Defendant's debt collection practice, Defendant regularly sends consumers' form collection letters and dun consumers by telephone calls, which fail to contain

certain required information in violation of the FDCPA.

11.     This action is brought and may properly be maintained as a class action pursuant Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Defendant's possession due to the nature of the trade and business involved, and the fact that Defendant regularly represented and presently represents many condominium associations, like Malibu East Condominium Association in this action.

12.     Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to:

      a.   Whether Defendant's Collection Letter violated section 1692g of the FDCPA;

      b.   Whether Defendant's Collection Letter violated section 1692f of the FDCPA; and

      c.   Whether Defendant's debt collection practice violated the FDCPA.

13.     This class action complaint is brought on behalf of Class. The FDCPA Class is comprised of all persons who, according to Defendant's record, meet the following criteria, subject to amendment as appropriate:

> All persons, within twelve months prior to the date of filing of this action, resided in Illinois and received (1) a form collection letter similar to Plaintiff's collection letter dated December 3, 2012 and (2) those persons whose collection letters were sent but were not returned by the postal service as undelivered or undeliverable.

> Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, any officers or directors of Defendant, the legal representative, heirs, successors, and assigns of Defendant, and any Judge assigned to this action, and his or her family.

- 3 -

## FACTS SPECIFIC TO JANICE MCCARTER

14.     On or about December 3, 2012, Defendant sent, by mail, the Plaintiff a collection letter captioned as "Thirty Day Notice and Demand" (the "December 3, 2012 Collection Letter" or the "Collection Letter") demanding full payment in the amount of $14,881.83, which included a charge of $231.90 for "legal fees and costs".  Attached hereto as Exhibit "A" is a true and correct copy of the December 3, 2012 Collection Letter.

15.     The Collection Letter is a form collection letter, and consists of two pages.

16.     In the third paragraph of page 1, the Collection Letter states:

"THIS IS YOUR <u>NOTICE</u> THAT PAYMENT IN FULL OF THE AMOUNT STATED ABOVE IS DEMANDED OF YOU, AND THAT UNLESS YOUR PAYMENT OF THE FULL AMOUNT IS MADE IN CERTIFIED FUNDS (CASHIER'S CHECK OR MONEY ORDER) ON OR BEFORE THE EXPIRATION OF THIRTY (30) DAYS AFTER THE DATE OF MAILING OF THIS NOTICE, THE ASSOCIATION MAY COMMENCE AN ACTION AGAINST YOU …"

(Emphasis in original). *See* Ex. "A".

17.     In the fourth paragraph of page 1, the Collection Letter states: "FEDERAL LAW GIVES YOU THIRTY DAYS AFTER YOU RECEIVE THIS LETTER TO DISPUTE THE VALIDITY OF THE DEBT OR ANY PART OF IT. IF YOU DON'T DISPUTE IT WITHIN THAT PERIOD, I'LL ASSUME THAT IT'S VALID" (Emphasis in original). *See* Ex. "A".

18.     On reasonable information and belief, Kovitz, or an agent or representative authorized by Kovitz, signed the Collection Letter.

19.     Article VI(g) of the Declarations of Malibu East Condominium Association of 1971 provides, in pertinent part, that

(g) If an Owner is in default in the monthly payment of the aforesaid charges or assessments for thirty (30) days, the members of the Board may bring suit for and on behalf of themselves and as representatives of all Owners, to enforce collection thereof or to foreclose the lien therefore as hereinafter provided; and <u>there shall be added to the</u>

<u>amount due the costs of said suit, and other fees and expenses together with legal interest and reasonable attorneys' fees to be fixed by the Court</u>. to the extent permitted by any decision or any statute or law now or hereafter effective, the amount of any delinquent and unpaid charges or assessments, and interest, costs and fees as above provided shall be and become a lien or charge against the Unit Ownership of the Owner involved when payable and may be foreclosed by an action brought in the names of the Board as in the case of foreclosure of liens against real estate.

(Emphasis Added)

20.     On information and reasonable belief, MECA amended its rules and regulations in 2008.

21.     On reasonable information and belief, MECA's declarations, Rules and Regulations, as amended, were never properly recorded and filed at the Cook County's Recorder Office.

22.     On or about January 31, 2013, Defendant filed an eviction lawsuit, Case No. 2013 M1 702766, which is pending as of the date of filing this action, in the first district of the Circuit Court of Cook County on behalf of Malibu East Condominium, seeking allegedly past due home owner's assessments plus its attorney's fees, late charges, additional assessments and court costs.

## COUNT I

### VIOLATION OF § 1692g OF THE FDCPA

23.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24.     Section 1692g of the FDCPA requires that a debt collector include a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer.  This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, require verification of a debt, or obtain certain information about the original creditor within thirty (30) days of an initial communication from a debt collector.

25.     Section 1692g(a)(4) provides, in pertinent part, that the notice of debt must contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

26.     Under the FDCPA, this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

27.     The Collection Letter sent by the Defendant on December 3, 2012 was the first collection letter received by the Plaintiff.

28.     By demanding full payment "on or before the expiration of thirty (30) days after the date of mailing" in the third paragraph of page 1 of the Collection Letter, Defendant violated § 1692g.

29.     Further, by demanding full payment from Plaintiff "on or before the expiration of thirty (30) days after the date of mailing," as stated in the third paragraph, while providing Plaintiff "thirty days after [she] receive[s] this [Collection] Letter" to dispute such debt, as stated in the fourth paragraph, the Collection Letter confounded, overshadowed, eviscerated, and incorrectly set forth the 30-day validation notice required by § 1692g(a) of the FDCPA, in violation of the law.

WHEREFORE, Plaintiff Janice McCarter, on behalf of herself and all other persons similarly situated, respectfully prays that this Court enter a judgment in her favor, and against Defendant Kovitz Shifrin Nestbit, an Illinois professional corporation, as follows:

A.  For an award of the Plaintiff's actual damages and statutory damages as permitted

under § 1692k(a)(1) and (2);

B.  For the Plaintiff's attorney fees, costs, and expenses pursuant to § 1692k(a)(3); and

C.  For such other or further relief as this Court deems just and equitable.

## COUNT II

### UNFAIR PRACTICE IN VIOLATION OF § 1692f

30.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

31.  Section 1692f(1) states, in pertinent part, that it is a violation of the FDCPA when a debt collector attempts to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

32.  As stated in paragraphs 19-21, *infra*, MECA's Declarations, Rules and Regulations, as amended, provide that late fees, attorney's fee and other charges may be collected in the case the assessments and other charges are delinquent.

33.  However, MECA's Declarations, Rules and Regulations, as amended, were never properly recorded and, therefore, had no contractual or legal effect.

34.  In the Collection Letter, Defendant attempted to collect legal fees and costs in the amount of $231.90 when in fact Defendant was not so entitled by agreement or contract, or by an order of a court. *See* Ex. "A".

35.  By reason of the foregoing facts, Defendant violated § 1692f(1) for attempting to collect its attorney's fees and costs that were not provided for or authorized by agreement or by laws.

WHEREFORE, Plaintiff Janice McCarter, on behalf of herself and all other persons similarly situated, respectfully prays that this Court enter a judgment in her favor, and against

Defendant Kovitz Shifrin Nestbit, an Illinois professional corporation, as follows:

    A.  For an award of Plaintiff's actual damages and statutory damages as permitted under

          § 1692k(a)(1) and (2);

    B.  For the Plaintiff's attorney fees, costs of suit, and expenses pursuant to § 1692k(a)(3);

          and

    C.  For such other or further relief as this Court deems just and equitable.

Dated: <u>May 27</u>, <u>2013</u>                                   Respectfully Submitted,


                                                   By: <u>/s/Kenneth M. DucDuong</u>
                                                     Attorney for Plaintiff


*Counsel for Plaintiff*:

    Kenneth M. DucDuong, Esq.
    KMD LAW OFFICE
    35 E. Wacker Dr., 9th Fl.
    Chicago, IL 60601
    Tel.: 312.854.7006
    Fax: 312.376.1844

## JURY DEMANDED

Plaintiff demands trial by jury on all issues triable.

Respectfully Submitted,
JANICE MCCARTER

By: */s/ Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong, Esq.
KMD LAW OFFICE
35 E. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel.: 312.854.7006
Fax: 312.376.1844

## **ATTORNEY LIEN**

Plaintiff has assigned to her counsel as her attorney's lien all fees and costs permitted and assignable under the laws.


Respectfully Submitted,
JANICE MCCARTER

By:  */s/ Kenneth M. DucDuong*
      Kenneth M. DucDuong
      One of Plaintiff's Attorneys


*Counsel for Plaintiff*:

    Kenneth M. DucDuong, Esq.
    KMD LAW OFFICE
    35 E. Wacker Dr., 9th Fl.
    Chicago, IL 60601
    Tel.: 312.854.7006
    Fax: 312.376.1844