**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANICE McCARTER, on behalf of herself and all others similarly situated, | ) ) | |
| | ) | Case No. 1:13-cv-3909 |
| Plaintiff, | ) | |
| | ) | The Honorable John F. Grady, Presiding |
| vs. | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| KOVITZ SHIFRIN NESBIT, an Illinois Professional Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS THE CLASS ACTION COMPLAINT**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, Kovitz Shifrin Nesbit, P.C. ("KSN"), by and through its attorneys, Diane J. Silverberg and Christopher E. Ralph, hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Class Action Complaint and, in support thereof, states as follows:

1.      Plaintiff's Class Action Complaint (the "Complaint") alleges KSN's purported violation of the Fair Debt Collection Practices Act (the "FDCPA") – §§ 1692g and 1692f, in particular – based on a collection letter KSN sent on behalf of its condominium-association client, the Malibu East Condominium (the "Association"), to its defaulted unit owner, Plaintiff, Janice McCarter.  The letter in question is attached to the Complaint as Exhibit A.

2.      Plaintiff claims the letter violates the FDCPA in two ways:

    a.      It demands full payment of the amount in question before the expiration of thirty (30) days after the date of mailing and, thus, "confounded, overshadowed, eviscerated, and incorrectly set forth the 30-day validation notice required by § 1692g(a)" of the FDCPA.  (Complaint, Count I, ¶¶ 28 and 29, respectively); and

b.    It seeks legal fees and costs – *as admittedly allowed by the Association's Declaration* (Complaint, Count II, ¶ 32) – but the Declaration, Rules and Regulations, as amended, were never properly recorded.  (Complaint, ¶ 33).  Thus, Plaintiff alleges, no agreement or contract permitted KSN to demand payment of those legal fees and costs.  (*Id.*, ¶ 34).

3.    Count I should be dismissed because the collection letter's language is dictated by Section 104.1(b) of the Forcible Entry and Detainer Act, 735 ILCS 5/9-104.1(b).  In any event, the Courts of this jurisdiction have made clear that the validation period does not constitute a payment vacation.

4.    Count II should be dismissed because its viability depends, as a threshold matter, on the requirement that rules and regulations must be recorded.  Plaintiff cites no statutory or contractual requirement of recordation, however, nor does any exist.[1]  Moreover, independent statutory authority exists for the recovery of attorneys' fees and costs incurred in collection efforts based on a condominium unit owner's default.

WHEREFORE – and as explained in greater detail in the accompanying Memorandum of Law in Support of Plaintiff's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) – Defendant, Kovitz Shifrin Nesbit, P.C., prays that this Honorable Court dismiss the Class Action Complaint in its entirety, awarding KSN, such other and further relief as the Court deems just and proper under the circumstances.

[intentionally blank to bottom of page]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The fact that the Declaration was indeed recorded is the subject of a separately pending Motion for Partial Summary Judgment.

- 2 -

Respectfully submitted,

KOVITZ SHIFRIN NESBIT, P.C.

By:  /s/ Diane J. Silverberg
        One of its attorneys

Diane J. Silverberg – dsilverberg@ksnlaw.com
Christopher E. Ralph – cralph@ksnlaw.com
KOVITZ SHIFRIN NESBIT
750 W. Lake Cook Road, Suite 350
Buffalo Grove, IL  60089
(847) 537-0500

Attorneys for Defendant, Kovitz Shifrin Nesbit, P.C.