**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANICE McCARTER, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )     No. 13 C 3909 |
| | ) |
| KOVITZ SHIFRIN NESBIT, an Illinois professional corporation, | ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the court are defendant's motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for summary judgment on Count II of the complaint pursuant to Federal Rule of Civil Procedure 56. For the reasons explained below, the motion to dismiss is granted in part and denied in part, and the motion for partial summary judgment is denied as moot.

**BACKGROUND**

This is a class action suit against a law firm, Kovitz Shifrin Nesbit ("Kovitz"), for violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. The complaint arises out of a December 3, 2012 collection letter that Kovitz sent to plaintiff, Janice McCarter, for past-due condominium assessments owed to the Malibu East Condominium Association (the

"Association").  The letter, which we will quote from in our discussion below, demanded full payment in the amount of $14,881.83, which included a charge of $231.90 "in legal fees and costs in attempting to collect this account."  (Compl., Ex. A, at 1.)

Count I of the complaint alleges that Kovitz violated § 1692g of the FDCPA, the section that requires debt collectors to provide certain debt-validation information to debtors.  In Count II, plaintiff alleges that Kovitz violated § 1692f of the FDCPA, the section that prohibits debt collectors from using unfair means to collect or attempt to collect any debt.

Kovitz moves to dismiss the complaint for failure to state a claim.  It also moves for summary judgment on Count II.

## DISCUSSION

### A.    Defendant's Motion to Dismiss the Complaint

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004).  To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp.</u> <u>v. Twombly</u>, 550 U.S. 544, 570, 556 (2007)). Although we must accept as true all factual allegations in the complaint, we need not accept as true its legal conclusions. <u>Iqbal</u>, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).

1. <u>Count I</u>

Section 1692g of the FDCPA requires a debt collector to send, within five days after an initial communication with a consumer in connection with the collection of any debt, a written notice to that consumer that contains certain information about the debt and the consumer's rights. 15 U.S.C. § 1692g(a). The notice, which is often referred to as a "validation notice," must contain, among other things, a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," as well as a statement that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(3), (4). The statute also

provides that collection activities and communication during the thirty-day period "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b); see also Chauncey v. JDR Recovery Corp., 118 F.3d 516, 518 (7th Cir. 1997).

When evaluating a debt-collection letter for compliance with the FDCPA, we apply the "unsophisticated consumer" standard, under which the letter must be "clear and comprehensible to an individual who is uninformed, naive, and trusting, but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." Zemeckis v. Global Credit & Collection Corp., 679 F.3d 632, 635 (7th Cir. 2012) (citations and internal quotation marks omitted). Courts generally view the confusing nature of a dunning letter as a question of fact that, if well pleaded, avoids dismissal on a Rule 12(b)(6) motion. Id. at 636. A plaintiff fails to state a claim, however, when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." Id. (citing Taylor v. Cavalry Inv., L.L.C., 365 F.3d 572, 574 (7th Cir. 2004)).

Plaintiff claims that that Kovitz violated § 1692g by demanding full payment "on or before the expiration of thirty (30) days after the date of mailing of [the] notice," Compl. ¶ 28 & Ex. A, and, in so doing, by "overshadowing" the FDCPA's required notice

that a consumer has thirty days to request verification of the
debt, Compl. ¶ 29.  Kovitz's letter to plaintiff, titled "Thirty
Day Notice and Demand," stated in pertinent part:

> THIS IS YOUR NOTICE THAT AS OF December 1, 2012 you are
> in default of your obligation due to the Malibu East
> Condominium the sum of $14,649.93 for your proportionate
> share of the expenses of administration, maintenance and
> repair of the common elements/areas and other expenses
> lawfully agreed upon due and owing for the period June 1,
> 2011 to December 1, 2012 as well as the sum of $231.90 in
> legal fees and costs in attempting to collect this
> account, **for a total sum of $14,881.83**.
> . . .
> **In order to bring your account current, you must submit**
> **the amount of $14,881.83 in certified funds (cashier's**
> **check or money order).  This amount may increase after**
> **today with the levy of future assessments, late fees,**
> **attorneys' fees and costs of collection, all of which**
> **must be satisfied in addition to the foregoing.**  Should
> you not choose to pay any of these charges, including the
> legal fees, they must be adjudicated in a court of law in
> accordance with 765 ILCS 605/9(g)(1) and/or 735 ILCS 5/9-
> 111[.]
>
> **THIS IS YOUR NOTICE THAT PAYMENT IN FULL OF THE AMOUNT**
> **STATED ABOVE IS DEMANDED OF YOU, AND THAT UNLESS YOUR**
> **PAYMENT OF THE FULL AMOUNT IS MADE IN CERTIFIED FUNDS**
> **(CASHIER'S CHECK OR MONEY ORDER) ON OR BEFORE THE**
> **EXPIRATION OF THIRTY (30) DAYS AFTER THE DATE OF MAILING**
> **OF THIS NOTICE, THE ASSOCIATION MAY COMMENCE AN ACTION**
> **AGAINST YOU UNDER ARTICLE IX OF THE ILLINOIS CODE OF**
> **CIVIL PROCEDURE GOVERNING FORCIBLE ENTRY AND DETAINER**
> **SEEKING AN ORDER OF POSSESSION OF THE PREMISES AND WHICH**
> **MAY RESULT IN A MONETARY JUDGMENT BEING ENTERED AGAINST**
> **YOU. . . . ONLY FULL PAYMENT OF ALL AMOUNTS DEMANDED IN**
> **THIS NOTICE WILL INVALIDATE THE DEMAND, UNLESS THE PERSON**
> **CLAIMING POSSESSION, OR HIS OR HER AGENT OR ATTORNEY,**
> **AGREES IN WRITING TO WITHDRAW THE DEMAND IN EXCHANGE FOR**
> **RECEIVING PARTIAL PAYMENT.**
>
> **FEDERAL LAW GIVES YOU THIRTY DAYS AFTER YOU RECEIVE THIS**
> **LETTER TO DISPUTE THE VALIDITY OF THE DEBT OR ANY PART OF**
> **IT.  IF YOU DON'T DISPUTE IT WITHIN THAT PERIOD, I'LL**

**ASSUME THAT IT'S VALID. IF YOU DO DISPUTE IT BY NOTIFYING ME IN WRITING TO THAT EFFECT I WILL, AS REQUIRED BY LAW, OBTAIN AND MAIL TO YOU PROOF OF THE DEBT. AND IF, WITHIN THE SAME PERIOD, YOU REQUEST IN WRITING THE NAME AND ADDRESS OF YOUR ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT CREDITOR, I WILL FURNISH YOU WITH THAT INFORMATION TOO. IF YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY-DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS DEMAND, THE LAW REQUIRES ME TO SUSPEND MY EFFORTS (THROUGH LITIGATION OR OTHERWISE) TO COLLECT THE DEBT UNTIL I MAIL THE REQUESTED INFORMATION TO YOU. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

(Compl., Ex. A, at 1.)

Kovitz first contends that plaintiff's claim of confusion is "without merit as a matter of law" because the collection letter "effectively parrots the mandatory statutory language" of the Illinois Forcible Entry and Detainer Act (the "Forcible Entry Act"), 735 ILCS 5/9-101 et seq., which applies to suits by condominium associations to evict unit owners who fail to pay assessments and requires that a written demand first be served. (Def.'s Mem. in Supp. of Mot. to Dismiss at 4.) The statutory provision cited by Kovitz states: "In the case of a condominium unit, the demand is not invalidated by partial payment of amounts due if the payments do not, at the end of the notice period, total the amounts demanded in the notice for common expenses, unpaid fines, interest, late charges, reasonable attorney fees incurred prior to the initiation of any court action and costs of collection." 735 ILCS 5/9-104.1(b). Kovitz points out that "the

final sentence of paragraph three of the collection letter," which states that "**ONLY FULL PAYMENT OF ALL AMOUNTS DEMANDED IN THIS NOTICE WILL INVALIDATE THE DEMAND, UNLESS THE PERSON CLAIMING POSSESSION, OR HIS OR HER AGENT OR ATTORNEY, AGREES IN WRITING TO WITHDRAW THE DEMAND IN EXCHANGE FOR RECEIVING PARTIAL PAYMENT,**" is taken verbatim from the" same subsection of the Forcible Entry Act. (Def.'s Mem. in Supp. of Mot. to Dismiss at 4.)

The Forcible Entry Act's provision concerning full payment does not render plaintiff's claim "meritless."  It has nothing to do with the confusion alleged by plaintiff, which is that payment is demanded "on or before the expiration of thirty (30) days after the date of *mailing*" of the notice (emphasis added), when the thirty-day federal validation period runs from *receipt* of the notice, and there is no explanation of how those periods of time fit together.  Kovitz argues that "the simple act of demanding payment in a collection [letter] during the validation period does not automatically" create confusion, citing Durkin v. Equifax Check Services, Inc., 406 F.3d 410, 417 (7th Cir. 2005), but that argument also fails to address the alleged confusion, which stems from something other than the mere act of demanding payment during the validation period.

In its reply brief, Kovitz contends that Count I should be dismissed because its collection letter "uses the exact proposed language . . . save for deletion of the word 'however,'" of

<u>Bartlett v. Heibl</u>, 128 F.3d 497 (7th Cir. 1997), the decision in which the Court of Appeals fashioned a model "safe harbor" collection letter. We reject this argument also. The section of Kovitz's letter that demanded payment within thirty days after the date of mailing is not the <u>Bartlett</u> language, and it is that language that is alleged to overshadow the <u>Bartlett</u> language. Moreover, Kovitz's letter omitted an important sentence of <u>Bartlett</u>'s model letter: "The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt." 128 F.3d at 502.

Kovitz's motion to dismiss the complaint will be denied as to Count I.

### 2. <u>Count II</u>

In Count II, plaintiff claims that that Kovitz violated § 1692f of the FDCPA by attempting to collect legal fees and collection costs in the amount of $231.90. That section prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Kovitz asserts that Count II should be dismissed because the Association's legal fees and costs were both authorized by agreement and permitted by law; we will address the "permitted by law" prong first. In order to determine whether the collection of

these amounts was permitted by law, we look to Illinois law.  See,
e.g., Day v. Check Brokerage Corp., 511 F. Supp. 2d 950, 955 (N.D.
Ill. 2007).  The Illinois Condominium Property Act provides in
relevant part:

> (a) In the event of any default by any unit owner, his
> tenant, invitee or guest in the performance of his
> obligations under this Act or under the declaration,
> bylaws, or the rules and regulations of the board of
> managers, the board of managers or its agents shall have
> such rights and remedies as provided in the Act or
> condominium instruments including the right to maintain
> an action for possession against such defaulting unit
> owner or his tenant for the benefit of all the other unit
> owners in the manner prescribed by Article IX of the Code
> of Civil Procedure [the Forcible Entry Act].
> (b) Any attorneys' fees incurred by the Association
> arising out of a default by any unit owner, his tenant,
> invitee or guest in the performance of any of the
> provisions of the condominium instruments, rules and
> regulations or any applicable statute or ordinance shall
> be added to, and deemed a part of, his respective share
> of the common expense.

765 ILCS 605/9.2.  Illinois law, therefore, not only *permits*, but
*requires* that attorneys' fees incurred by the Association that
arise out of a default be added to a unit owner's share of the
common expense.  (Each unit owner has the duty to pay his or her
share of the common expenses, pursuant to 765 ILCS 605/9(a).)
Moreover, the Forcible Entry Act *requires* that a demand for past-
due condominium assessments include "attorneys' fees claimed for
services incurred prior to the demand," if those fees are sought.
735 ILCS 5/9-104.1(a).  Although the claimed attorneys' fees are
subject to review by a court if a forcible-entry proceeding ensues,

Kovitz was required to include the Association's claim for those fees in the collection letter.  Accordingly, with respect to the attempted collection of legal fees, plaintiff fails to state a claim for violation of § 1692f.

Next, we examine whether the collection of legal fees and collection costs was authorized by the agreement creating the debt. The parties devote considerable attention to this prong of § 1692f(1).  On this issue, the allegations of the complaint are as follows:

> 19.  Article VI(g) of the Declarations of Malibu East Condominium Association of 1971 provides, in pertinent part, that
>
>> (g) If an Owner is in default in the monthly payment of the aforesaid charges or assessments for thirty (30) days, the members of the Board may bring suit for and on behalf of themselves and as representatives of all Owners, to enforce collection thereof or to foreclose the lien therefore as hereinafter provided; and there shall be added to the amount due the costs of said suit, and other fees and expenses together with legal interest and reasonable attorneys' fees to be fixed by the Court[.  T]o the extent permitted by any decision or any statute or law now or hereafter effective, the amount of any delinquent and unpaid charges or assessments, and interest, costs and fees as above provided shall be and become a lien or charge against the Unit Ownership of the Owner involved when payable and may be foreclosed by an action brought in the names of the Board as in the case of foreclosure of liens against real estate.
>
> (Emphasis Added)

20. On information and reasonable belief, [the Association] amended its rules and regulations in 2008.

21. On reasonable information and belief, [the Association's] declarations, Rules and Regulations, as amended, were never properly recorded and filed at the Cook County's [sic] Recorder Office.

. . .

32. As stated in paragraphs 19-21 . . . [the Association's] Declarations, Rules and Regulations, as amended, provide that late fees, attorney's fee [sic] and other charges may be collected in the case the assessments and other charges are delinquent.

33. However, [the Association's] Declarations, Rules and Regulations, as amended, were never properly recorded and, therefore, had no contractual or legal effect.

34. In the Collection Letter, Defendant attempted to collect legal fees and costs in the amount of $231.90 when in fact Defendant was not so entitled by agreement or contract, or by an order of court.

(Compl. ¶¶ 19-21, 32-34.) These allegations are somewhat difficult to decipher, but plaintiff's response to defendant's motion clarifies her theory: any amendments to the Association's governing documents that were made in 2008 had no legal effect because they were not recorded, and because the 1971 Declaration of the Association permits only "reasonable attorneys' fees to be fixed by the Court," Kovitz was not authorized by agreement to attempt to collect a fixed amount of attorneys' fees and costs.

A condominium declaration is a contract, Streams Sports Club, Ltd. v. Richmond, 457 N.E.2d 1226, 1230-32 (Ill. 1983), and it appears to be undisputed that the 1971 Declaration is the governing contract. Kovitz has submitted a copy of the entire 1971

Declaration, which we can consider without converting its motion to dismiss into a summary-judgment motion because the agreement is referred to in the complaint and is central to the claim. <u>See</u> <u>Venture Assocs. Corp. v. Zenith Data Sys. Corp.</u>, 987 F.2d 429, 431–32 (7th Cir. 1993). In addition to the provision quoted in the complaint, the Declaration also contains the following provision in Article XI, which is titled "Remedies for Breach of Covenants, Restrictions and Regulations":

> The violation of any restriction or condition or regulation adopted by the Board, or the breach of any covenant or provision herein contained, shall give the Board the right . . . (b) to enjoin, abate or remedy by appropriate legal proceedings, either at law or in equity, the continuance of any breach. <u>All expenses of the Board in connection with such actions or proceedings, including court costs and attorneys' fees and other fees expenses</u>, and all damages, liquidated or otherwise, together with interest thereon . . . <u>shall be charged to and assessed against such defaulting Owner, and shall be added to and deemed part of his respective share of the common expenses</u> . . . .

(Def.'s Mot. for Partial Summ. J., Ex. A, at 46–47 (emphasis added).) Thus, the Declaration, in two places--Article VI(g) and Article XI--permits the Association to collect attorneys' fees and costs of collection in connection with proceedings to recover past-due assessments.

Plaintiff's argument that Kovitz violated § 1692f by attempting to collect a *specific amount* of attorneys' fees and costs absent a court order contradicts the law in two respects. First, as discussed above, Illinois law requires that a demand for

past-due assessments be made prior to the filing of any action and requires that attorneys' fees be included in the demand letter. 735 ILCS 5/9-104.1(a). Second, the Court of Appeals rejected a similar argument in Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 565 (7th Cir. 2004). In Fields, the defendant, Wilber, tried to collect an undisputed contractual debt and an additional amount in attorneys' fees. The plaintiff asserted that the defendant had violated the FDCPA by "unilaterally determining $250 to be the amount of attorneys' fees charged," thereby "misstat[ing] the actual amount of the debt." 383 F.3d at 564. The Court disagreed, explaining:

> Here, based on a written, signed contract, Wilber attempted to collect an undisputed debt amount, an undisputed amount in interest, and an amount in attorneys' fees (incurred in the initiation of Wilber's collection attempts) . . . . To collect attorneys' fees from Fields, Wilber necessarily had to specify an amount that it intended to charge (or had already charged) for its services. Fields, of course, could negotiate this payment or contest the reasonableness of the fees through a lawsuit. But when a debtor has contractually agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter. Doing so does not violate the FDCPA. Indeed, refusing to quantify an amount that the debt collector is trying to collect could be construed as falsely stating the amount of debt.

383 F.3d at 565.

The fact that the 1971 Declaration provides that reasonable attorneys' fees are to be "fixed" by a court in the event of a suit to collect delinquent assessments or to foreclose on a lien did not

prevent the Association from seeking to collect a specific amount of attorneys' fees and costs before filing suit.  Plaintiff cites no authority to the contrary.  Because Kovitz was expressly authorized to collect the attorneys' fees and costs that it sought from plaintiff, plaintiff fails to state a claim for violation of § 1692f, and Count II will be dismissed.  Because we see no likelihood of successful amendment of Count II, the dismissal will be with prejudice.

**B.   <u>Defendant's Motion for Summary Judgment on Count II</u>**

Because of the confusing nature of the allegations of Count II, which may have led Kovitz to conclude that plaintiff's theory of the case was that there was *no* valid, recorded Declaration of the Association that permitted the collection of past-due assessments and associated costs, Kovitz filed a motion for summary judgment on Count II on the ground that the 1971 Declaration was indeed recorded.  As discussed above, the briefing on the motion to dismiss revealed that plaintiff's theory of Count II was actually that the 1971 Declaration was recorded and operative.  Furthermore, we have concluded that Count II fails to state a claim on which relief can be granted.  Accordingly, Kovitz's motion for summary judgment on Count II will be denied as moot.

<u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to dismiss the complaint [14] is granted as to Count II and denied as to Count I,

and defendant's motion for summary judgment on Count II of the complaint [16] is denied as moot. Count II of the complaint is dismissed with prejudice. A status hearing is set for January 29, 2013 at 11:00 a.m.


DATE:        December 18, 2013


ENTER:       _____
             John F. Grady, United States District Judge