IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE MCCARTER, | ) | |
| on behalf of herself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 13-CV-03909 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| KOVITZ SHIFRIN NESBIT, | ) | Magistrate Judge Sheila Finnegan |
| an Illinois professional corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR REASSIGNMENT BASED ON RELATEDNESS**

Defendant, Kovitz Shifrin Nesbit, a Professional Corporation ("Defendant"), by its attorneys and pursuant to Local Rule 40.4, moves for entry of an order finding that Wood v. Kovitz Shifrin Nesbit, No. 14-cv-10014 (N.D. Ill.) is related to McCarter v. Kovitz Shifrin Nesbit, No. 13-cv-03909 (N.D. Ill.), Lill v. Kovitz Shifrin Nesbit, No. 14-cv-02647 (N.D. Ill.), and Scehura v. Kovitz Shifrin Nesbit, No. 14-cv-08838 (N.D. Ill.) (collectively, the "Lower-Numbered Cases"), which have been related and are pending before this Court, and for reassignment of Wood from Judge Darrah to this Court. In support of this motion, Defendant states:

**Nature and Procedural History of The Lower-Numbered Cases Before this Court**

1. In the Lower-Numbered Cases, Plaintiffs assert, among other things, that -- by sending Plaintiffs a validation notice containing language that overshadowed other language -- Defendant violated section 1692g of the Fair Debt Collection Practices Act ("FDCPA").

2. There has already been a finding of relatedness regarding the three Lower-Numbered Cases, and those cases are in the discovery stage. In one of those cases, McCarter, this Court just recently issued an order lifting a stay of discovery. Moreover, in all three Lower-Numbered Cases,

Defendant recently responded to Plaintiffs' initial written discovery requests. And Defendant will soon issue written discovery requests to Plaintiffs.

### Nature and Procedural History of *Wood*

3. Substantively in Wood, Plaintiffs assert a single claim under the FDCPA. Specifically, Plaintiffs assert that -- by sending Plaintiffs a validation notice containing language that overshadowed other language -- Defendant violated section 1692g of the FDCPA. See Pls.' Am. Compl. (attached as Exhibit 1 hereto), ¶¶ 21-29; id. at Ex. A. The challenged notice in Wood is the same form notice Plaintiffs challenge in the Lower-Numbered Cases.

4. Procedurally in Wood, Defendant has filed an answer, denying that its validation notice violates the FDCPA. The case is in the discovery stage.

### Argument

5. Wood is related to the Lower-Numbered Cases. Under Local Rule 40.4(a), two or more civil cases may be related if, among other things, "the cases involve some of the same issues of fact or law." L.R. 40.4(a). Here, Wood and the Lower-Numbered Cases raise the same FDCPA challenge to the same form notice. Moreover, although two of the Lower-Numbered Cases involve additional claims under the FDCPA, Wood and all three Lower-Numbered Cases still "involve some of the same issues of fact or law." Id. So the cases are related.

6. Under Local Rule 40.4(b), reassignment of a higher-numbered case is appropriate if it is related to a lower-numbered case "and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b).

7. All four criteria are met here. First, <u>Wood</u> and the Lower-Numbered Cases are pending in this Court. Second, the handling of <u>Wood</u> and the Lower-Numbered Cases by a single judge is likely to result in a substantial saving of judicial time and effort. <u>Wood</u> and the Lower-Numbered Cases bring the same challenge to the same form notice. In other words, the cases involve significant overlap in legal and factual issues. Thus, without a finding of relatedness and a reassignment, the Courts and the parties could wastefully duplicate their work, and there would be a risk of inconsistent orders and judgments. Third, because both <u>Wood</u> and the Lower-Numbered Cases are in the early stages of discovery, the Lower-Numbered Cases have not progressed to the point where designating <u>Wood</u> as related would be likely to delay the proceedings in the Lower-Numbered Cases substantially. Forth, given the substantial overlap of factual and legal issues, <u>Wood</u> and the Lower-Numbered Cases are susceptible of disposition in a single proceeding. In short, Rule 40.4(b) is satisfied.

WHEREFORE, Defendant respectfully requests that this Court enter an order designating Case No. 14-cv-10014 as related to Case Nos. 13-cv-03909, No. 14-cv-02647, and 14-cv-08838, submit a request to the Executive Committee that Case No. 14-cv-10014 be reassigned from Judge Darrah to this Court, and granting such other and further relief as the Court deems just.

Dated: April 23, 2015                           **KOVITZ SHIFRIN NESBIT,**
                                                **A Professional Corporation**,
                                                Defendant


                                                s/ Jonathan N. Ledsky

Jonathan N. Ledsky
Scott J. Helfand
VARGA BERGER LEDSKY HAYES & CASEY
125 South Wacker Drive, Suite 2150
Chicago, IL 60606
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that, on this 23rd day of April, 2015, a true and correct copy of the foregoing, **Defendant's Motion for Reassignment Based on Relatedness**, was served electronically through the ECF/CM filing system upon counsel of record:

Kenneth M. DucDuong
kducduong@kmdlex.com

Mark T. Lavery
mark@lifetimedebtsolutions.com

and by e-mail on:

Mario K. Kasalo (counsel for Plaintiffs in *Wood*)
mario.kasalo@kasalolaw.com


                                                            s/ Jonathan N. Ledsky