**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANICE MCCARTER, on behalf of herself and all others similarly situated,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>KOVITZ SHIFRIN NESBIT, an Illinois professional corporation,<br>　　　　Defendant.<br>_____ | Case No.: 1:13-CV-3909<br><br>The Honorable Magistrate Judge Mason (Consent filed in all cases) |
| KRYSTYNA SCEHURA, on behalf of herself and all others similarly situated,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>KOVITZ SHIFRIN NESBIT, an Illinois professional corporation,<br>　　　　Defendant.<br>_____ | Case No.: 1:14-CV-8838 |
| AMY LILL and CHRISTOPHER WOJDELKO, on behalf of themselves and all others similarly situated,<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>KOVITZ SHIFRIN NESBIT, an Illinois professional corporation,<br>　　　　Defendant.<br>_____<br><br>This document relates to all cases | Case No.: 1:14-CV-2647 |

**<u>FINAL APPROVAL ORDER</u>**

This matter coming on to be heard as to whether the proposed settlement of the

above-referenced class action ("Lawsuits") should be finally approved, the parties having presented their settlement agreement ("the Class Settlement Agreement") to the Court, and the Court having held a hearing on the fairness of the proposed settlement of the Lawsuit, at which objectors to the Class Settlement Agreement were permitted to appear and be heard, and the Court being fully advised in the premises,

**THE COURT FINDS AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of these Lawsuits, the Class Representatives, the Class Members and Defendant;

2. The Class Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Court grants final approval of the Class Settlement Agreement including but not limited to the releases in the Class Settlement Agreement, and finds that the Class Settlement Agreement is in all respects fair, reasonable, adequate and in the best interest of the Settlement Class.

4. This Court has certified, under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a Settlement Class ("the Settlement Class") defined as follows: All persons, including Class Plaintiffs and Individual Plaintiffs, who from May 27, 2012 through September 16, 2016, were sent a '30-day Notice and Demand' by KSN at an Illinois address (or at multiple addresses, including an Illinois address).

5. The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and/or fact common to the settlement class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the settlement class; (d) Janice McCarter, Krystyna Scehura, Amy Lill, and Christopher Wojdelko will fairly and adequately protect the interest of the settlement class; (e) Kenneth M. DucDuong, Mark T. Lavery, and Mario K. Kasalo are adequate Class Counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy. Class certification is appropriate under Fed. R. Civ. P. 23(a) and (b)(3).

6. Notice of the proposed Class Settlement has been timely sent in accordance with the terms of the Court's order dated **September 16, 2016** (the "Preliminary Approval Date"), which certified a Settlement Class, preliminarily approved the proposed Class Settlement Agreement, and authorized such notice. Such notice satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and is proper and sufficient notice to all persons entitled to notice of the Class Settlement Agreement. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

7. The issues as to liability and remedies in the Lawsuits are issues as to which there are substantial grounds for difference of opinion, and the proposed Class Settlement Agreement constitutes a resolution of those issues that is fair, reasonable, and adequate to the members of the Settlement Class.

8. Janice McCarter, Krystyna Scehura, Amy Lill, Christopher Wojdelko, Michael Wood, Alexandria Stockman, Dudley Locke, and each member of the Settlement Class who has not opted-out or who the Court has not excluded from the Class Settlement shall be bound by the Class Settlement Agreement.

9. _9_ Members of the Settlement Class opted out of the Settlement Agreement: (a) Abed Aladarbeh, (b) Andrea Jamison, (c) Chicago Title Land Trust Company as Successor Trustee of LaSalle Bank N.A., (d) Lorraine J. McWilliams, (e) Paula B. St. John, (f) Scott St. John, (g) Sherry Wright, (h) Susan B. Homeier, and (i) William Vazquez.

10. _0_ Members of the Settlement Class objected to the Settlement Agreement;

11. _19_ Members of the Settlement Class who submitted their claims after the claims deadline but before the date of this Order are members of the Settlement Class;

12. The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B. That the Settlement Class is adjudged a class for purposes of this Action.

C. That the Settlement Agreement is finally approved and the Parties shall implement it pursuant to its terms;

D. That this Court awards to Class Counsel, Kenneth M. DucDuong, Mark T. Lavery, and Mario K. Kasalo, total attorneys' fees and costs of $84,000, which, upon review of counsel's memorandum and certifications, is determined to be fair and reasonable;

E. That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice Case Nos. 1:13-CV-3909, 1:14-CV-8838, 1:14-CV-10014, all claims contained therein and all Released Claims;

F. That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs; and

G. That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement,

from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims.

      H.      That consistent with the Class Settlement Agreement, the third-party administrator shall make the payments described in the Class Settlement Agreement, including, without limitation, payment of a Settlement Share to each Participating Class Member identified as each member of the Settlement Class who returned a properly completed claim form and who did not opt-out. The third-party administrator shall distribute the Settlement Fund in accordance with the Class Settlement Agreement within 30 days after the Effective Date.

      I.      That implementation of the Class Settlement Agreement shall proceed as described in the Class Settlement Agreement. The Parties to the Class Settlement Agreement shall carry out their respective obligations thereunder.

      J.      That the following entity is designated the *cy pres* recipient and shall receive any amount of the Settlement Fund that is unclaimed or undistributed: **Chicago Volunteer Legal Services**. The third-party Class Administrator shall, by check, distribute the payment to this designated *cy pres* recipient.

      K.      That this Court awards to Class Plaintiff Janice McCarter an incentive award of $5,000 and awards to Class Plaintiffs Krystyna Scehura, Amy Lill, and Christopher Wojdelko each incentive awards of $3,500, which upon review of Plaintiffs' memorandum is determined to be fair and reasonable.

      L.      That this Court awards to Individual Plaintiffs Michael Wood, Alexandra Stockman, and Dudley Locke each individual amounts of $3,500 and awards Individual Plaintiffs' counsel, Mario K. Kasalo, total attorney's fees and costs of $30,000 for the attorney fees and costs incurred as to the Individual Plaintiffs, which upon review of Individual Plaintiffs' memorandum and certification is determined to be fair and reasonable.

SO ORDERED this 2nd day of February, 2017.

 

 

_____
Honorable Michael T. Mason
United States Magistrate Judge